**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. ________**

| | |
|---|---|
| Erin Taylor Editions | ) |
| Plaintiff, | ) |
| v. | ) |
| Hossam Antar, individually,<br>Artrev.com, Inc., and<br>Dreams Fine Arts, LLC | ) |
| Defendants. | ) |

## COMPLAINT

1. Plaintiff Erin Taylor Editions by and through their attorneys, file this Complaint against the Defendants, Hossam Antar, Artrev.com, Inc., and Dreams Fine Arts, LLC.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) because there exists complete diversity of citizenship among Plaintiff and Defendants, and because this is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred here, and because Defendants are subject to personal jurisdiction in this District and transact business in this District.

## THE PARTIES

4. Plaintiff, Erin Taylor Editions (hereinafter referred to as "Taylor Editions"), is the publisher of the artworks of the artists Bill Mack and Gary Welton with its principal place of business located in Bloomington, Minnesota.

5. Defendant Artrev.com, Inc. (hereinafter referred to as "Artrev.com") is a Florida corporation who actively solicits and actively conducts business in this district.

6. Defendant Hossam Antar is, based on information and belief, the Chairman of the Board of Artrev.com (hereinafter referred to as "Antar").

7. Defendant Dreams Fine Art, LLC (hereinafter referred to as "Dreams") is a Florida corporation who holds art galleries and auctions onboard luxury cruise ships and in the Caribbean islands.

8. Defendant Antar is, based on information and belief, the CEO of Dreams.

## FACTS COMMON TO ALL COUNTS

9. Starting in April of 2015, Plaintiff supplied the Defendants with artworks by Bill Mack and Gary Welton on a consignment basis.

10. Defendants began selling the consigned works and sold a quantity of the consigned art. From known sales, $112,815 is due and owing to the Plaintiff. Despite repeated demands said funds have not been forthcoming. Based on information and belief, there are other unreported sales.

11. Additionally, in the Defendants' possession are the following consigned artworks:

a) “Miro Spirit” (Original Relief with Oil, Acrylic and Urethane Painting in Homage to Joan Miro over Bill Mack’s Spirit Relief (32 x 24)(c)),

b) “Concentration” (Bronze bas relief #110/195),

c) “Da Vinci” (Bronze bas relief #060/195),

d) “Flowing Light” (White bas relief #145/195),

e) “Model” (Bronze bas relief #035/295),

f) “Competition” (Bronze bas relief #027/195),

g) “Happiness” (White bas relief #030/295),

h) “Mysterious Veiled” (Mixed Sand #TP1/5),

i) “Slumbering” (Mixed Sand #TP1/5),

j) “Tenderly” (Mix Metals #020/100),

k) “Thinker” (Mix Metals #092/120),

l) “Jazzman (Giclee #03/75),

m) “Tutu” (#C11-1020 Mixed Media on 22 x 30 canvas-framed),

n) “Heavy Hearted” (#A08-1006 Mixed Media on 20 x 16 canvas-framed),

o) “Maroon-Black” (#C14-1018 Mixed Media on 30 x 24 canvas-framed),

p) “Music” (#C15-1007 Mixed Media on 24 x 30 canvas-framed),

q) “The Human Race” (#B15-1000 Mixed Media on 30 x 40 canvas-framed), “Hollywood Audrey” (#31/50 Mixed Media Portrait on a 15 x 12 piece of the Original Hollywood Sign (c)),

r) “Legend in Warhol Colors” (Marilyn Monroe Original Hand Painted Relief 28.5 x 24.5 (c)),

s) “Glamorous Marilyn” (#10/50 Mixed Media Portrait on a 15 x 12 piece of the Original Hollywood Sign (c)),

t) “Stampede” (#03/954 on 26 x 35 Metal, framed (c)),

u) “Eternally” (Bonded Bronze #151/195, Bas Relief (12.25 x 9)),

v) “Caribbean Sea II” (#C16-1003 Mixed Media Painting on 30 x 40 canvas-framed (Gary Welton)),

w) “Chorus Line” (#P16-1002D Mixed Media Drawing on 30 x 40 paper-framed (Gary Welton) Demo on board),

x) “Rhythmic Ladies” (#P16-2003, Mixed Media Drawing on 21 x 15 paper-framed (Gary Welton),

y) “Andy Warhol” (Original Mixed Media Painting on 30 x 24 Metal from the Original Hollywood Sign with a hand-signed Andy Warhol card & signed document (c)),

z) “Hemingway w/Fish” (Original Mixed Media Painting, Oil, Acrylic & Urethane on the Original Hollywood Sign Metal 30 x 24 – with a letter from Ernest Hemingway signed (c)),

aa) “Charisma” (Original Crystal Sculpture (c)),

bb) “Key West Harbor” (#B16-1029 Original Mixed Media on 30 x 24 Board, framed Gary Welton),

cc) “Untitled” (#P13-1114 Original Mixed Media on 12 x 9 Paper, Unframed Gary Welton),

dd) “Untitled” (#P13-1075 Original Mixed Media on 12 x 9 Paper, Unframed Gary Welton),

ee) “Untitled” (#P13-5041 Original Mixed Media on 9 x 12 Paper, Unframed Gary Welton),

ff) “Untitled” (#P13-1133 Original Mixed Media on 12 x 9 Paper, Unframed Gary Welton),

gg) “Untitled” (#P13-1112 Original Mixed Media on 12 x 9 Paper, Unframed Gary Welton),

hh) “Untitled” (#P13-1017 Original Mixed Media on 12 x 9 Paper, Unframed Gary Welton),

ii) “Untitled” (#P13-1130 Original Mixed Media on 12 x 9 Paper, Unframed Gary Welton),

jj) “Untitled” (#P13-1132 Original Mixed Media on 12 x 9 Paper, Unframed Gary Welton),

kk) “Untitled” (#P13-1151 Original Mixed Media on 12 x 9 Paper, Unframed Gary Welton),

ll) “Stampede” (Bronze #46/75 (c)),

mm) “Grand Elusive” (Stainless Steel #39/75 (c)), and

oo) "Eternally" (Bronze bas relief #157/295 (c)) (hereinafter referred to collectively as the "Consigned Works").

Despite repeated demands, the Consigned Works have not been returned to the Plaintiff. The total retail value of the Consigned Works amounts to $496,600.

**FIRST CLAIM FOR RELIEF**
**(OPEN ACCOUNT.)**

12. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 11, inclusive and incorporates herein by reference.

13. Plaintiff claims that Defendants owe them money on an open account.

14. Defendants have sold consigned works for which no less than $112,815 are due plus interest at the rate of 1.5% on said sum. Despite repeated demands, they have failed to pay over said sums.

15. Plaintiff and Defendants had transactions between them.

16. An account existed between Plaintiff and Defendants in which the parties had a series of charges, payments, adjustments.

17. Plaintiff prepared an itemized statement of the account; and

18. Defendants owe money on the account.

**SECOND CLAIM FOR RELIEF**
**(CONVERSION.)**

19. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 11, inclusive and incorporates herein by reference.

20. Despite repeated demands for the return of the Consigned Works owned by the Plaintiff and consigned to the Defendants, they have refused to return the Consigned Works and have thereby wrongfully converted $496,600 of Plaintiff's property.

21. Defendants' actions are an unauthorized act that have deprived Plaintiff of its property, and said deprivation is inconsistent with Defendants' alleged claim to ownership of the property.

**THIRD CLAIM FOR RELIEF**
**(MONEY HAD AND RECEIVED.)**

22. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 11, inclusive and incorporates herein by reference.

23. Plaintiff claims that Defendants have received money which they ought to pay over to Plaintiff.

24. Plaintiff, based on information and belief, believes that Defendants received funds from the sale of Plaintiff's art works provided on consignment.

25. Defendants received the funds as the result of an agreement between Defendants and Plaintiffs for Defendants to sell the Plaintiff's consigned artworks.

26. The circumstances are such that Defendants should, in all fairness, be required to pay over to Plaintiff of their share of all sums received from the sale of the Consigned Works.

**FOURTH CLAIM FOR RELIEF**
**(BREACH OF CONTRACT.)**

27. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 11, inclusive and incorporates herein by reference.

28. Defendants are contractually obligated to pay Plaintiff sums due to Plaintiff from the sales of known consigned works sold in the amount of $122,815, plus any other revenues received resulting from the sale of unreported sales of the Consigned Works plus 1.5%, as stated in the invoice provided to Defendants by Plaintiff.

29. Under the agreement between Plaintiff and Defendants, Defendants are obligated to either return the unsold Consigned Works or provide the retail value of same in the amount of $496,600.

**FIFTH CLAIM FOR RELIEF**
**(ACCOUNT STATED.)**

30. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 11, inclusive and incorporates herein by reference.

31. Defendants owe Plaintiff a minimum of $122,815 plus 1.5% interest received from the sale of the Consigned Works listed on the account stated.

32. Plaintiff and Defendants had transactions between them.

33. Plaintiff rendered statements to Defendants and Defendants failed to object within a reasonable time to statements of their account.

34. Defendants expressly promised to pay Plaintiff balances as previously stated.

35. Defendants have not paid Claimant any of the amount owed to Plaintiff under the account.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against the Defendants as follows:

1. The sum of $112,815 and its share of revenues from all unreported sales of Consigned Works, plus interest at the rate of 1.5% on all receivables from the due date.

2. Return of the Consigned Works or judgment in the amount of $496,600.

3. Any attorney's fees and costs allowable and associated with this cause of action.

4. For such further and other relief as the Court deems just and proper.

Respectfully submitted,

RUSSOMANNO & BORRELLO, P.A.
*Attorneys for Plaintiff*
Museum Tower – PH 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

By: /s/ Herman J. Russomanno III
Herman J. Russomanno III
Fla. Bar. No. 21249
Email: herman2@russomanno.com

Joshua J. Kaufman, Esq. (*pro hac vice to be filed*)
Meaghan H. Kent, Esq.
Venable, LLP
600 Massachusetts Ave., N.W.
Washington, D.C. 20001
(202) 344-8538 Direct Dial
(202) 344-8300 Facsimile
Attorneys for the Plaintiffs